UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TANSA HASTERT,

    Plaintiff,

v.       Case No. 1:15-CV-567

OFFICER JEFFERY MERCER, STEVE       HON. GORDON J. QUIST
BERNIER, STEVE'S TOWING LLC,
and MICHIGAN STATE POLICE,

    Defendants.
_____/

**OPINION**

Plaintiff, Tansa Hastert, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants, Jeffrey Mercer,[1] Steve Bernier, Steve's Towing LLC, and the Michigan State Police (MSP), alleging that they violated her rights under the Fourth, Fifth, and Fourteenth Amendments in connection with a traffic stop and seizure of Hastert's vehicle on February 3, 2015.[2] Hastert also appears to allege state-law claims for trespass, assault, and extortion.

Defendants Mercer and MSP have filed a motion to dismiss or alternatively for summary judgment. Defendants Bernier and Steve's Towing LLC have joined in Defendants Mercer's and MSP's motion. On August 5, 2015, the Court granted Hastert's motion for an extension of time to respond to the motions, allowing Hastert until September 21, 2015 to respond. Hastert has failed to file a response within the time for doing so.

In cases such as this, where a party has failed to respond to a motion for summary judgment, the Sixth Circuit has stated that:

_____

[1] Erroneously named as Jeffery Mercer in the complaint.

[2] In her complaint, Hastert alleges February 2, 2015 as the date of the incident.

> a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). *See also Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (noting that where the nonmoving party has not responded, a court's reliance on facts advanced by the movant is proper and sufficient). Applying this standard, the Court concludes that Defendants are entitled to summary judgment.

## I. BACKGROUND[3]

On February 3, 2015, Michigan State Police Trooper Jeffrey Mercer was on patrol in East Jordan, Michigan when he observed a teal Suzuki Swift with an expired license plate tab. After checking the vehicle's registration in the Law Enforcement Information Network/Secretary of State (LEIN/SOS) database and learning that it was expired, Trooper Mercer initiated a traffic stop of the vehicle in the Huntington Bank parking lot. Hastert was the driver of the vehicle. Hastert was unable to produce a driver's license and informed Trooper Mercer that she did not have insurance on the vehicle.

Trooper Mercer returned to his patrol vehicle. When Trooper Mercer checked Hastert on the LEIN/SOS database, he learned that her driver's license had expired on October 5, 2013 and the plate for her vehicle had expired on October 5, 2014. In addition, the LEIN/SOS database indicated that insurance on Hastert's vehicle was not verified. Trooper Mercer advised Hastert that she had committed misdemeanor operating without a license and misdemeanor operating without security and told her that she could avoid being taken to jail by posting a $200 cash bond, in which case she would receive an appearance ticket to appear in court at a later date. Hastert exited her vehicle,

---

[3] The facts surrounding the February 3, 2015 traffic stop are taken from the Affidavit of Trooper Jeffrey Mercer. (Dkt. # 17-2.)

proceeded to the ATM at the Huntington Bank, and withdrew $200.  As Hastert walked to the ATM, Trooper Mercer followed her from a distance and maintained visual contact with her.  Hastert posted her bond, and Trooper Mercer gave her an appearance ticket charging her with operating without security, in violation of M.C.L § 500.3102, and operating a motor vehicle without a license, in violation of M.C.L. § 257.301.  The appearance ticket stated that Trooper Mercer received $200 from Hastert for a local court bond.   Trooper Mercer also gave Hastert a warning for having an expired license plate.

Trooper Mercer impounded Hastert's vehicle pursuant to MSP policy because it lacked registration and insurance and thus could not be legally driven on the road.  Trooper Mercer contacted Steve's Towing Service to tow Hastert's vehicle.  After Steve's Towing Service left the scene with Hastert's vehicle, Trooper Mercer gave Hastert a ride to her business, located in East Jordan.

Hastert was eventually arraigned in 90th District Court for one count of misdemeanor operating without a license and one count of misdemeanor operating without security.  Following a jury trial on July 16, 2015, Hastert was convicted of both charges.

## II. DISCUSSION

### A. Hastert's Claims Against MSP and Trooper Mercer in His Official Capacity are Subject to Dismissal

Hastert has sued the MSP, as well as Trooper Mercer in his official capacity.  The Michigan State Police is an agency of the State of Michigan.  *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999).  In *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989), the Supreme Court held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Id.* at 71, 109 S. Ct. at 2312.  Accordingly, because neither the State of Michigan nor Trooper Mercer in his official capacity are "persons" for

purposes of § 1983, Hastert's claims against the MSP and Trooper Mercer in his official capacity fail as a matter of law.

**B.     Trooper Mercer did not Violate Hastert's Constitutional Rights**

Hastert alleges that Trooper Mercer's traffic stop of Hastert's vehicle, collection of a misdemeanor bond, impoundment of Hastert's vehicle, and alleged *Terry* frisk violated her rights under the Fourth Amendment. The evidence shows otherwise.

Regarding the issue of traffic stops, Sixth Circuit precedent has not been entirely clear on the proper standard under the Fourth Amendment. *See United States v. Alexander*, 467 F. App'x 355, 360 (6th Cir. 2012) (noting "some confusion in this circuit over whether officers must have reasonable suspicion or probable cause in order to initiate a traffic stop"). However, the Sixth Circuit apparently "has developed two separate tests to determine the constitutional validity of vehicle stops: an officer must have probable cause to make a stop for a civil infraction, and reasonable suspicion of an ongoing crime to make a stop for a criminal violation." *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008). Regardless, the Court will use the more demanding probable cause standard to assess whether Trooper Mercer had probable cause to stop Hastert's vehicle for having an expired license plate tab.

"Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). In the instant case, Trooper Mercer had probable cause to believe that Hastert's vehicle was in violation of M.C.L. § 257.255(1), which requires that all vehicles operated on Michigan roads shall display a valid registration plate. The undisputed facts show that while Trooper Mercer was on patrol, he observed Hastert's vehicle with an expired license plate tab. After running Hastert's license plate through the

LIEN/SOS database, he learned that the vehicle's registration had expired. Trooper Mercer's stop of Hastert's vehicle was therefore reasonable under the Fourth Amendment because Hastert was operating a vehicle with an expired registration.

Likewise, Trooper Mercer's collection of a cash bond of $200 did not violate the Fourth Amendment. After checking Hastert on the LEIN/SOS database, Trooper Mercer learned that Hastert's driver's license had expired and that she lacked insurance on the vehicle. Based on this information, Trooper Mercer had probable cause to conclude that Hastert had committed misdemeanor violations of M.C.L. § 257.301(1), for operating a motor vehicle without a license and M.C.L. § 500.3102(2), for operating a motor vehicle upon a public highway without security. Accordingly, in lieu of arresting Hastert for the misdemeanor violations, Trooper Mercer was authorized to issue an interim bond to Hastert in exchange for a sum of money. M.C.L. §§ 780.581(2), 781.586.

For the same reasons, Trooper Mercer's seizure of Hastert's vehicle was reasonable. Because the vehicle was not registered and insured, it could not be driven on the road. Moreover, because the vehicle was parked on private property without the owner's consent, it was considered abandoned and subject to towing. M.C.L. § 257.252a(2)(a). Trooper Mercer thus did not violate the Fourth Amendment by arranging for Defendant Steve's Towing LLC to tow Hastert's vehicle. Moreover, because the seizure was lawful under the Fourth Amendment, Defendants Steve's Towing LLC and Bernier did not violate Hastert's rights. *See Putman v. Unknown Smith*, 98 F.3d 1093, 1095–96 (8th Cir. 1996) (towing company was not liable under § 1983 because the police officer's initial stop was lawful and the seizure of the vehicle was reasonable); *cf. Klobnock v. City of Los Angeles*, No. 10-2627, 2011 WL 4103631, at *2 (C.D. Cal. Aug. 29, 2011) ("Towing companies are deemed to be state actors under § 1983 when they tow vehicles for police and may

5

be held liable under § 1983 if the seizure is unlawful.").

Hastert also alleges that Trooper Mercer asked her if she had any weapons on her, to which she responded "no." She further alleges that Trooper Mercer then performed a *Terry* frisk, even though Trooper Mercer had no reason to believe that Hastert was armed and dangerous. Hastert provides no further details about the *Terry* frisk, but it appears that Trooper Mercer conducted the pat-down prior to giving Hastert a ride to her business. Trooper Mercer's pat-down of Hastert was not unreasonable under the circumstances. Because Trooper Mercer could have arrested Hastert for the misdemeanor violations, he could have lawfully searched her incident to an arrest. *United States v. Robinson*, 414 U.S. 218, 234–35, 94 S. Ct. 467, 476 (1973).

**C.     Hastert's State-Law Claims Fail As a Matter of Law**

Hastert also alleges various state-law claims for assault, trespass, and extortion. These claims lack merit. Under Michigan law, to establish a claim for assault, a plaintiff must show (1) an intentional unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another; (2) under circumstances which creates a well-founded apprehension of imminent contact; and (3) coupled with the apparent present ability to accomplish the contact. *Van Vorous v. Burmeister*, 262 Mich. App. 467, 482–83, 687 N.W.2d 132, 142 (2004), *overruled in part on other grounds by Odom v. Wayne Cnty.*, 482 Mich. 459, 760 N.W.2d 217 (2008). As the facts set forth above show, Trooper Mercer did not make an unlawful offer of corporal injury or use force unlawfully directed toward Hastert. Rather, Trooper Mercer performed a lawful vehicle stop for a traffic violation, issued Hastert a valid interim bond in lieu of arrest, and properly performed a pat-down before giving her a ride to her business. Hastert's assault claim thus fails.

Hastert's extortion claim also fails as a matter of law because she cannot show that Trooper Mercer made a "malicious threat to accuse [Hastert] of a crime or offense." *Norman Yatooma &*

*Assocs. PC v. 1900 Assocs. LLC*, Nos. 313487, 316754, 2014 WL 2619445, at *11 (Mich. Ct. App. June 12, 2014) (per curiam). Trooper Mercer had probable cause to believe Hastert had committed both civil traffic violations and misdemeanor offenses, and Hastert was ultimately convicted of the charged offenses.

Finally, Hastert's trespass claim fails because she does not allege an "unauthorized intrusion upon the private premises of another" by Trooper Mercer. *Giddings v. Rogalewski*, 192 Mich. 319, 326, 158 N.W. 951, 953 (1916).

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants MSP's and Trooper Mercer's motion to dismiss or alternatively for summary judgment. In addition, the Court will grant summary judgment to Defendants Steve's Towing LLC and Bernier on Hastert's claims against them.

A separate Order consistent with this Opinion will be entered.


Dated:  October 22, 2015                                /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE